# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **I.D. and K.D.**

**No. 19-0139** (Wood County 17-JA-252 and 17-JA-253)

**FILED**

**June 12, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother L.D., by counsel Courtney L. Ahlborn, appeals the Circuit Court of Wood County's January 7, 2019, order terminating her parental rights to I.D. and K.D.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Debra L. Steed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition alleging that petitioner's boyfriend, D.F., kicked I.D. and that she had "bruising on her forehead in the mark of a shoe tread, her left neck, and on her buttocks." During the DHHR's initial investigation, petitioner and D.F. both denied knowing that I.D. was bruised. However, once petitioner was out of D.F.'s presence, she agreed that someone kicked her child in the head and denied that it was her. The DHHR located a marijuana pipe in petitioner's home. Petitioner asserted that she did not use marijuana, but admitted that D.F. used it while she worked and he watched the children. The DHHR initiated a temporary protection plan that required petitioner to have no contact with D.F. Yet, after the initiation of the protection plan, petitioner indicated that she continued to have a relationship with D.F. and continued to live with him. Petitioner waived her preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In November of 2017, petitioner stipulated to the allegations of abuse and neglect, and the circuit court adjudicated her as an abusing parent. Petitioner was granted a six-month post-adjudicatory improvement period.

The circuit court held dispositional hearings in October of 2018 and January of 2019. The DHHR presented testimony that petitioner failed to complete services, such as parenting and adult life skills classes, during her improvement period. A provider testified that petitioner continued to live with D.F. and to defer to his judgement. The provider expressed concerns that petitioner would not protect the children in the future and believed that she would need to separate from D.F to provide a safe environment for the children. I.D.'s therapist testified that the child indicated on multiple occasions that D.F. was "mean" and that "he just likes to do mean stuff to us." However, the therapist noted that I.D. suddenly changed her opinion in August of 2018, and stated that D.F. was no longer mean. When the therapist asked how I.D. knew this, the child stated that petitioner told her that D.F. was no longer mean and no longer drinks beer.[2] Petitioner participated in a psychological examination, and the examiner testified that she recommended petitioner have no further contact with D.F., among other recommendations. The examiner explained the recommendation was due to the children's fear of D.F. and his substantial drug and criminal history. Petitioner presented no evidence.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the children's welfare. Accordingly, the circuit court terminated petitioner's parental rights by its January 7, 2019, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided

---

[2]Although D.F. was involved in services during the proceedings, he was not provided visitation with the children because they indicated they were afraid of him. The DHHR took special precautions to avoid contact between D.F. and the children, including ensuring that D.F. left the visitation location after transporting petitioner for the scheduled visit.

[3]The father's parental rights were also terminated below in addition to the termination of D.F.'s custodial rights. According to the parties, the permanency plan for the children is adoption by a relative.

the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative. Petitioner asserts that she substantially complied with the terms of her improvement period and that she had a strong emotional bond with the children.[4] Petitioner argues that her "only downfall . . . was her inability to end her relationship with D.F." and that the circuit court could have terminated only her custodial rights to "allow her the opportunity to come back to the court if she ever terminated her relationship with D.F." Upon our review of the record, we find no error in the circuit court's termination of petitioner's parental rights.

West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination was necessary for the children's welfare. Further, West Virginia Code § 49-4-604(c)(3) provides that situations in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Contrary to petitioner's argument on appeal, the record shows that she failed to complete the services provided by the DHHR, such as parenting and adult life skills classes. In addition to this failure and even more concerning is petitioner continued to engage in a relationship with D.F., despite his physical abuse of I.D. The children expressed fear of D.F. and refused to live with him. Yet, petitioner continued to live with him. "In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child[ren]." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Clearly, it was not in the children's best interests that they be returned to live with an individual who physically abused them.

---

[4]Although petitioner includes multiple citations to testimony that she and I.D. shared an emotional bond, she did not include any citations to the record to support her assertion that she substantially complied with the terms of her improvement period. This is in contradiction to Rule 10(c) of the West Virginia Rules of Appellate Procedure that requires the brief to "contain appropriate and specific citations to the record on appeal."

As petitioner refused to leave D.F., we find no error in the circuit court's findings that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination of petitioner's parental rights was necessary for the welfare of the children. We have held that:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected was supported by the record and supports the termination of petitioner's parental rights. Petitioner's argument to leave her parental rights intact so that she may regain custody "if she ever terminated her relationship with D.F." ignores the best interests of the children and their need for permanency. It further emphasizes petitioner's unwillingness to end the relationship with the abuser of her children for their sake. Despite multiple instances of testimony that I.D. "loves her mom" and that "her plan was to be reunited with her mom," petitioner remained unchanged and unwilling to accommodate her child by ending her relationship with D.F. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights without the use of a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 7, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 12, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison